# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROBERT L. JOHNSTON,  )
        Plaintiff,  )
        v.  )        No. 4:12CV467 SNLJ
FUGITIVE FELON COMMITTEE,  )
        Defendant.  )

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court has reviewed the complaint and has determined that it should be dismissed for lack of jurisdiction.

Plaintiff claims that the VA denied him benefits under the Fugitive Felon Act because its records showed that he had outstanding warrants. Plaintiff says that the warrants were not outstanding because the cases were closed by nolle prosequi. Plaintiff argues that the VA denied his rights under the 5th and 14th Amendments to the Constitution of the United States.

The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity

must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district courts are without jurisdiction to review VA benefits determinations. 38 U.S.C. § 511(a). Section 511(a) provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.

Id. Section 511(a) does "not exclude claims which are based upon the Constitution." Hicks v. Veterans Affairs, 961 F.2d 1367, 1369 (8th Cir. 1992). "The statute includes *all claims, whatever their bases*, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" Id. (quoting § 511(a)) (emphasis added).

Here, plaintiff's action challenges a decision of the VA concerning his benefits. As a result, the Court lacks jurisdiction over the complaint.

Additionally, the Court notes that plaintiff has brought this action several times, only to have it dismissed as frivolous. See Johnson v. Fugitive Felon Committee, Department of Veterans Affairs, 4:11CV1214 SNLJ (E.D. Mo.); Johnson v. Fugitive Felon Committee, 4:11CV616 SNLJ (E.D. Mo.); Johnson v. Fugitive Felon Committee, Department of Veterans Affairs, 4:10CV1775 SNLJ (E.D. Mo.);

Johnson v. Fugitive Felon Committee, 4:10CV1375 SNLJ (E.D. Mo.). As a result, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of April, 2012.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE